# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT<br><br>    Plaintiff,<br><br>v.<br><br>UNIVERSITY HALL CONDOMINIUM OWNERS ASSOCIATION<br><br>    Serve: Timothy Farrell<br>         President of Board of Directors<br>         1827 14th St., NW<br>         Washington, D.C. 20009<br><br>and<br><br>JAMES BUCKLEY<br><br>    Serve: 633 Girard St., NE<br>         Washington, D.C. 20017<br><br>and<br><br>TILTON BERNSTEIN MANAGEMENT, INC.<br><br>    Serve: Roger Tilton, Registered Agent<br>         1501 Church St., NW<br>         Washington, D.C. 20005<br><br>and<br><br>HAZEL BLAND THOMAS<br><br>    Serve: 4317 20th St., NW<br>         Washington, D.C., 20018<br><br>    Defendants. | Civil Action No. 1:18-cv-2551 |

1

Plaintiff The Travelers Indemnity Company of Connecticut ("Travelers"), by counsel, states as follows as its Complaint for Declaratory Judgment against Defendants University Hall Condominium Owners Association, James Buckley, Tilton Bernstein Management, Inc., and Hazel Bland Thomas.

## I.    Parties

1. Plaintiff Travelers is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business located in the State of Connecticut. Thus, Travelers is a citizen of Connecticut.

2. Defendant University Hall Condominium Owners Association ("University Hall") is an unincorporated association. Upon information and belief, the members of University Hall are citizens of the District of Columbia, Pennsylvania, New York, Virginia, and Maryland.

3. Defendant James Buckley is an individual residing in the District of Columbia and is a citizen of the District of Columbia.

4. Defendant Tilton Bernstein Management, Inc. ("Tilton Bernstein") is a corporation organized and existing under the laws of the District of Columbia, with its principal place of business located in the District of Columbia. Thus, Tilton Bernstein is a citizen of the District of Columbia.

5. Defendant Hazel Bland Thomas is an individual residing in the District of Columbia and is a citizen of the District of Columbia.

## II.    Jurisdiction and Venue

6. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and § 2202.

7. The jurisdiction of this Court is invoked pursuant 28 U.S.C. § 1332 as there is complete diversity of citizenship between Plaintiff Travelers and Defendants University Hall,

James Buckley, Tilton Bernstein, and Hazel Bland Thomas and the amount in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000.00).

8.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

### III.   Facts

**The Thomas Lawsuit**

9.  On October 4, 2018, the lawsuit styled *Hazel Bland Thomas v. James Buckley and Chengetayi Sithole and Santiago Properties and University Hall Condominium Association and Substitute Trustee Linowes Blocher and 3000 7th Street 222 SB, LLC and Tilden Bernstein Management Co.*, Civil Case No. 13-0006746, was filed in the Superior Court of the District of Columbia Civil Division (the "Thomas Lawsuit").

10. The Thomas Lawsuit asserts claims against James Buckley, University Hall, and Tilton Bernstein, among others, related to the foreclosure and sale of Unit 222 of the University Hall Condominiums located at 3000 7th St NE, Washington, DC 20017 (the "Property").

11. As alleged in the Complaint filed in the Thomas Lawsuit, Hazel Bland Thomas is the title owner of the Property.

12. The Complaint alleges that University Hall is the organization of the condominium unit owners of the University Hall Condominium Building, James Buckley is President of the Board of Directors for University Hall, and Tilton Bernstein is the agent and property manager of the University Hall Condominium Building.

13. The Complaint alleges that on or around April 10, 2012, University Hall filed a Notice of Foreclosure Sale of Condominium Unit for Assessments Due with the District of Columbia Recorder of Deeds. The Complaint further alleges that Ms. Bland did not receive notice of the Notice of Foreclosure Sale.

14. The Complaint alleges that on or around May 5, 2012 a foreclosure sale of the Property was conducted. The Complaint further alleges that Ms. Bland did not receive notice of the foreclosure sale.

15. The Complaint asserts that the Foreclosure Deed indicates that title of the Property was transferred to 3000 7th ST 222 SB, LLC, a limited liability company in which James Buckley has an interest, as a result of the foreclosure sale.

16. The Complaint asserts that James Buckley, as President of the Board of Directors of University Hall, presided over the Board meeting that resolved to foreclose on the Property, was the signatory on the Condominium Lien, Notice of Foreclosure Sale, and Foreclosure Deed.

17. The Complaint also asserts that Tilton Bernstein, as manager of the University Hall Condominium Building, was aware that Ms. Bland rented the Property to a tenant and that Ms. Bland maintained a separate residence in the District of Columbia.

18. The Complaint asserts multiple counts against University Hall, James Buckley, and Tilton Bernstein, including:

   a. Count I – Breach of Contract and Request for Accounting, which alleges that University Hall breached its by-laws with respect to the foreclosure and its alleged failure to provide notice to Ms. Bland of the same.

   b. Count II – Slander of Title, which alleges that, by recording various documents concerning Ms. Bland's title to the Property, the defendants knowingly disparaged Ms. Bland's title to the Property.

   c. Count III – Breach of Fiduciary Duty, which alleges that James Buckley breached his fiduciary duties as President of the Board of Directors of University Hall.

      d.      Count IV – Unjust Enrichment, which alleges that James Buckley took possession of the Property after the foreclosure sale and sold it for profit, such that he was unjustly enriched as a result.

      e.      Count V – Abuse of Process, which alleges that, by recording documents with the District of Columbia Recorder of Deeds, the defendants maliciously misused and abused process for an improper purpose.

      f.      Count VI - Remove Cloud on Title, which seeks a declaration that title to the Property is vested in Ms. Bland alone.

      g.      Count VII – Equitable Action to Rescind the Sale – All Conditions Precedent Not Satisfied, which seeks a rescission of the sale of the Property.

19. Count II – Slander of Title was dismissed with prejudice on January 23, 2014.

20. Travelers is currently defending University Hall, James Buckley, and Tilton Bernstein against the Thomas Lawsuit under the Travelers Policy (defined below).

**The Travelers Policy**

21. Travelers issued Condominium PAC Policy No. I-680-3A034237-TCT-11, effective May 16, 2011 to May 16, 2012, to "University Hall Condominium Owners Association" as the named insured (the "Travelers Policy").

22. The Travelers Policy contains the following insuring agreement applicable to Coverage A – Bodily Injury and Property Damage Liability:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

      a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage"

5

        to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . .

    b.    This insurance applies to "bodily injury" and "property damage" only if:

        (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

23.    The Travelers Policy contains the following exclusions applicable to Coverage A – Bodily Injury and Property Damage Liability:

(This insurance does not apply to:)

**Expected or Intended Injury or Damage**

    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

24.    The Travelers Policy contains the following insuring agreement applicable to Coverage B – Personal Injury, Advertising Injury, and Web Site Injury Liability:

**COVERAGE B. PERSONAL INJURY, ADVERTISING INJURY AND WEB SITE INJURY**

**1.    Insuring Agreement**

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury", "advertising injury" or "web site injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal injury", "advertising injury", or "web site injury" to which this insurance does not apply. We may at our discretion investigate any "occurrence" or offense and settle any claim or "suit" that may result. . . .

6

    b.    This insurance applies to:

        (1)    "Personal injury" caused by an offense arising out of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you;

        (2)    "Advertising injury" caused by an offense committed in the course of advertising your goods, products or services; or

        (3)    "Web site injury" caused by an offense committed in the course of the visual or audio presentation of material on "your web site" or in the numerical expression of computer code used to enable "your web site";

but only if the offense was committed in the "coverage territory" during the policy period.

With respect to subparagraph b. (1) above, bulletins, financial or annual reports, or newsletters that are not published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters will not be considered publishing.

25.    The Travelers Policy contains the following exclusions applicable to Coverage B – Personal Injury, Advertising Injury, and Web Site Injury Liability:

**2.**    **Exclusions**

This insurance does not apply to:

    **a.**    **Knowing Violation Of Rights Of Another**

"Personal injury", "advertising injury" or "web site injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal injury", "advertising injury" or "web site injury".

        \*\*\*

    **f.**    **Breach Of Contract**

"Advertising injury" or "web site injury" arising out of a breach of contract.

26.    Finally, the Travelers Policy contains the following relevant definitions:

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*\*\*

"Bodily injury" means bodily injury, mental anguish, mental injury, shock, fright, disability, humiliation, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*\*\*

"Advertising injury" means injury, arising out of one or more of the following offenses:

a. Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services, provided that claim is made or "suit" is brought by a person or organization that claims to have been slandered or libeled, or whose goods, products or services have allegedly been disparaged;

b. Oral, written or electronic publication of material that appropriates a person's likeness, unreasonably places a person in a false light or gives unreasonable publicity to a person's private life; or

c. Infringement of copyright, title or slogan, provided that claim is made or "suit" is brought by a person or organization claiming ownership of such copyright, title or slogan.

"Personal injury" means injury, other than "bodily injury", arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;

b. Malicious prosecution;

c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lessor, provided that the wrongful eviction, wrongful entry or invasion of the right of private occupancy is performed by or on behalf of the owner, landlord or lessor of that room, dwelling or premises;

d. Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services, provided that claim is made or "suit" is brought by a person or organization that claims to have been slandered or libeled, or whose goods, products or services have allegedly been disparaged; or

8

e.     Oral, written or electronic publication of material that appropriates a person's likeness, unreasonably places a person in a false light or gives unreasonable publicity to a person's private life.

\*\*\*

"Web site injury" means injury, other than "personal injury" or "advertising injury", arising out of one or more of the following offenses:

a.     Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services, provided that claim is made or "suit" is brought by a person or organization that claims to have been slandered or libeled, or whose goods, products or services have allegedly been disparaged;

b.     Oral, written or electronic publication of material that appropriates a person's likeness, unreasonably places a person in a false light or gives unreasonable publicity to a person's private life;

c.     Oral, written or electronic publication of material that violates a person's right of publicity, provided that claim is made or "suit" is brought by the person claiming rights of publicity; or

d.     Infringement of copyright, title or slogan, provided that claim is made or "suit" is brought by a person or organization claiming ownership of such copyright, title or slogan.

\*\*\*

"Property damage" means:

a.     Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.     Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

"Property damage" does not include loss of or damage to "electronic media and records".

## COUNT I – DECLARATORY JUDGMENT

27.     Travelers realleges and reincorporates herein by reference the allegations set forth in the foregoing paragraphs.

28. An actual controversy exists between Travelers and University Hall, James Buckley, Tilton Bernstein, and Hazel Bland Thomas concerning whether University Hall, James Buckley, and Tilton Bernstein are entitled to coverage with respect to the Thomas Lawsuit under the Travelers Policy.  There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

29. Travelers seeks a declaration pursuant to 28 U.S.C. § 2201 and § 2202 that University Hall, James Buckley, and Tilton Bernstein are not entitled to coverage with respect to the Thomas Lawsuit under the Travelers Policy.

30. Travelers is entitled to this declaratory judgment:

    a. With respect to Coverage A – Bodily Injury and Property Damage Liability:

        i. Because the Thomas Lawsuit does not allege "bodily injury" or "property damage" as required by the insuring agreement applicable to Coverage A – Bodily Injury and Property Damage Liability;

        ii. To the extent that the Thomas Lawsuit does not seek damages as required by the insuring agreement applicable to Coverage A – Bodily Injury and Property Damage Liability;

        iii. Because the Thomas Lawsuit does not allege an "occurrence" as required by the insuring agreement applicable to Coverage A – Bodily Injury and Property Damage Liability;

        iv. Because coverage is excluded by the Expected or Intended Injury or Damage exclusion applicable to Coverage A – Bodily Injury and Property Damage Liability;

    b.    With respect to Coverage B – Personal Injury, Advertising Injury, and Web Site Injury Liability:

        i.    Because the Thomas Lawsuit does not allege "personal injury", "advertising injury", or "web site injury" as required by the insuring agreement applicable to Coverage B – Personal Injury, Advertising Injury, and Web Site Injury Liability;

        ii.    To the extent that the Thomas Lawsuit does not seek damages as required by the insuring agreement applicable to Coverage B – Personal Injury, Advertising Injury, and Web Site Injury Liability;

        iii.    Because coverage is excluded by the Knowing Violation Of Rights Of Another exclusion applicable to Coverage B – Personal Injury, Advertising Injury, and Web Site Injury;

        iv.    Because coverage is excluded by the Breach of Contract exclusion applicable to Coverage B – Personal Injury, Advertising Injury, and Web Site Injury.

WHEREFORE, Travelers respectfully requests that this Court:

1.    Declare that the Travelers Policy does not provide coverage to University Hall, James Buckley, or Tilton Bernstein with respect to the Thomas Lawsuit; and

2.    Award such other and further relief as this Court deems just and proper.

                                      **THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT**

                                      **By:**   /s/ Lindsay Lankford Rollins
                                                    **Counsel**

John B. Mumford, Jr. (DC Bar No. 1027364)
Lindsay Lankford Rollins (DC Bar No. 1024473)
Hancock, Daniel & Johnson P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
jmumford@hancockdaniel.com
lrollins@hancockdaniel.com
Phone: (804) 967-9604
Fax: (804) 967-9888
*Counsel for The Travelers Indemnity Company of Connecticut*