# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRAVELERS INDEMNITY COMPANY OF CONNECTICUT,<br><br>    Plaintiff,<br><br>    v.<br><br>UNIVERSITY HALL CONDOMINIUM OWNERS ASSOCIATION, et al.,<br><br>    Defendants. | Civil Action No. 18-2551 (JDB) |

## MEMORANDUM OPINION & ORDER

Hazel Bland Thomas, University Hall Condominium Owners Association ("University Hall"), James Buckley, Tilton Bernstein Management, Inc. ("Tilton Bernstein"), and other entities have been embroiled in years of litigation in D.C. Superior Court over a foreclosure sale of Thomas's condominium in the University Hall Condominium complex, which Thomas alleges was wrongful. University Hall is the named insured on an insurance policy issued by The Travelers Indemnity Company of Connecticut ("Travelers"). In this declaratory judgment action, Travelers seeks a declaration that it has no duty to provide insurance coverage under University Hall's policy for any liability incurred in the D.C. Superior Court lawsuits involving Thomas's condominium.

Thomas, who is named as a defendant in this declaratory judgment action, moves to dismiss Travelers' complaint pursuant to Rules 12(b)(1) and 12(b)(3) of the Federal Rules of Civil

Procedure and on forum non conveniens grounds. Def. Thomas' Mot. to Dismiss ("Thomas's Mot.") [ECF No. 14].[1] For the reasons that follow, the Court will deny the motion.

I. SUBJECT-MATTER JURISDICTION

Thomas asserts that this Court lacks subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure without providing further explanation. See Thomas's Mot. at 1. Nevertheless, "a court must always assure itself of its subject-matter jurisdiction regardless of whether a party has raised a challenge." Kaplan v. Cent. Bank of the Islamic Republic of Iran, 896 F.3d 501, 511 (D.C. Cir. 2018). Under 28 U.S.C. § 1332, a federal court has diversity jurisdiction if the amount in controversy exceeds $75,000 and plaintiff and defendants have complete diversity. Here, the conditions for diversity jurisdiction are met. The amount in controversy exceeds $75,000 and the plaintiff and defendants have complete diversity, as Travelers is a citizen of Connecticut and defendants are citizens of the District of Columbia, Pennsylvania, New York, Virginia, and Maryland. Travelers's Opp'n [ECF No. 17] at 3. Accordingly, Thomas's motion to dismiss for lack of subject-matter jurisdiction is denied.

II. VENUE

Thomas also moves to dismiss for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure without further explanation. See Thomas's Mot. at 1. Under 28 U.S.C. § 1391(b), venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located[,]" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. §§ 1391(b)(1), (2). Travelers

---

[1] Thomas also moves for an "order craving oyer demanding strict proof of the underlying insurance documentation pursuant to D.C. Code § 31–2403.01." Id. at 1. However, D.C. Code § 31–2403.01 applies to claimants "for compensation or damages concerning a vehicle accident" and has no effect in this case, which is unrelated to any vehicle accident. Thus, the Court denies Thomas's motion craving oyer.

asserts that venue is proper under § 1391(b)(1) because all defendants are residents of the District of Columbia, as well as under § 1391(b)(2) because Travelers issued the challenged insurance policy to University Hall in the District of Columbia, the lawsuits that spurred filing of this case are pending in the District of Columbia, and all of the matters alleged that might give rise to liability in these underlying lawsuits took place in the District of Columbia. See Travelers's Opp'n at 4. The Court agrees that venue is proper, and hence Thomas's motion to dismiss for lack of proper venue is denied.

### III. FORUM NON CONVENIENS

In addition, Thomas moves for dismissal on forum non conveniens grounds. Thomas's Mot. at 3–6. Thomas argues that this Court's connections with the controversy are "attenuated," notes that the D.C. Superior Court has exclusive jurisdiction over quiet title actions for property in the District of Columbia (such as the subject property in the underlying lawsuits), and states that the D.C. Superior Court is a superior forum for this case because the defendants have been litigating related issues in that court for seven years. Id. at 4–5. Travelers responds that while "there is no dispute that there are alternative fora which may have concurrent jurisdiction to hear this matter," dismissal is inappropriate because this forum poses no inconvenience as compared to the D.C. Superior Court less than half a mile away. Travelers's Mot. at 4–7.

The Court agrees with Travelers. "[A] court may decline to exercise jurisdiction pursuant to the doctrine of forum non conveniens only 'in exceptional circumstances,' . . . and 'a defendant invoking forum non conveniens ordinarily bears a heavy burden in opposing the plaintiff's chosen forum.'" Shi v. New Mighty U.S. Trust, No. 18-7066, 2019 WL 1212227, *1 (D.C. Cir. Mar. 15, 2019) (alterations omitted) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 504 (1947), and Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430 (2007)). The doctrine of

3

forum non conveniens applies "only in cases where the alternative forum is abroad . . . and perhaps in rare instances where a state or territorial court serves litigational convenience best." Sinochem, 549 U.S. at 430 (citation omitted). To decline jurisdiction on forum non conveniens grounds, a court must find not only that an adequate alternative forum exists, but also that "a balancing of private and public interest factors strongly favors dismissal." Shi, 2019 WL 1212227, at *1 (quoting Agudas Chasidei Chabad of U.S. v. Russian Fed'n, 528 F.3d 934, 950 (D.C. Cir. 2008)). "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Id. (alteration omitted) (quoting Gilbert, 330 U.S. at 508).

Here, dismissal is not appropriate. The alternative proposed forum, while adequate, is not abroad, and the balance of private and public interests does not favor dismissal. Among other considerations, the Court notes that the physical location of this Court is no doubt as convenient as the D.C. Superior Court in terms of access for litigants and witnesses, a judgment in this Court will be as enforceable as a judgment in D.C. Superior Court, and Thomas will suffer no prejudice because of litigation in this forum. In addition, the fact that Travelers's declaratory judgment action is related factually to the pending litigation in D.C. Superior Court does not support dismissal—Travelers declaratory judgment claim is legally distinct, and Travelers is not a party to the D.C. Superior Court litigation. Thomas has not met the "heavy burden" to show that dismissal is appropriate pursuant to the doctrine of forum non conveniens, and her motion is denied.

\* \* \*

The Court concludes that it has subject-matter jurisdiction over Travelers's claim, that venue is proper, and that dismissal pursuant to the doctrine of forum non conveniens is not warranted. Accordingly, upon consideration of Thomas's motion and memorandum in support thereof, Travelers's opposition, and the entire record herein, it is hereby

forum non conveniens applies "only in cases where the alternative forum is abroad . . . and perhaps in rare instances where a state or territorial court serves litigational convenience best." Sinochem, 549 U.S. at 430 (citation omitted). To decline jurisdiction on forum non conveniens grounds, a court must find not only that an adequate alternative forum exists, but also that "a balancing of private and public interest factors strongly favors dismissal." Shi, 2019 WL 1212227, at *1 (quoting Agudas Chasidei Chabad of U.S. v. Russian Fed'n, 528 F.3d 934, 950 (D.C. Cir. 2008)). "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Id. (alteration omitted) (quoting Gilbert, 330 U.S. at 508).

Here, dismissal is not appropriate. The alternative proposed forum, while adequate, is not abroad, and the balance of private and public interests does not favor dismissal. Among other considerations, the Court notes that the physical location of this Court is no doubt as convenient as the D.C. Superior Court in terms of access for litigants and witnesses, a judgment in this Court will be as enforceable as a judgment in D.C. Superior Court, and Thomas will suffer no prejudice because of litigation in this forum. In addition, the fact that Travelers's declaratory judgment action is related factually to the pending litigation in D.C. Superior Court does not support dismissal—Travelers declaratory judgment claim is legally distinct, and Travelers is not a party to the D.C. Superior Court litigation. Thomas has not met the "heavy burden" to show that dismissal is appropriate pursuant to the doctrine of forum non conveniens, and her motion is denied.

\* \* \*

The Court concludes that it has subject-matter jurisdiction over Travelers's claim, that venue is proper, and that dismissal pursuant to the doctrine of forum non conveniens is not warranted. Accordingly, upon consideration of Thomas's motion and memorandum in support thereof, Travelers's opposition, and the entire record herein, it is hereby

**ORDERED** that [14] Thomas's motion to dismiss and for order craving oyer is **DENIED**.

/s/
JOHN D. BATES
United States District Judge

Dated: April 5, 2019