UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRAVELERS INDEMNITY COMPANY
OF CONNECTICUT,

    Plaintiff,

    v.

UNIVERSITY HALL CONDOMINIUM
OWNERS ASSOCIATION, et al.,

    Defendants.

Civil No. 18-2551 (JDB)

## MEMORANDUM OPINION & ORDER

Plaintiff Travelers Indemnity Company of Connecticut named Hazel Bland Thomas as a defendant in this insurance declaratory judgment action. On May 3, 2019, Thomas filed her responsive pleading, in which she "reserve[d] all rights and counterclaims against Plaintiff." Def. Hazel Thomas' Answer [ECF No. 23] ¶ 36. Then, on June 6, 2019, the Court entered a scheduling order that required, among other things, "any amendment of the pleadings" to be made by June 21, 2019. Scheduling Order [ECF No. 26] at 1. On June 21, 2019, Thomas filed a document styled "Complaint" asserting various causes of actions against various entities, some of which had not yet been parties to the case. See Compl. ("Thomas Compl.") [ECF No. 28].

Both Travelers and defendant University Hall Condominium Owners Association moved to dismiss the June 21 complaint, arguing that Thomas's claims were either barred by the applicable statutes of limitations or otherwise precluded. See Def. Univ. Hall Condo. Owners' Ass'n's Mem. of P&As in Supp. of its Mot. to Dismiss Hazel Bland Thomas's "Complaint" ("Univ. MTD") [ECF No. 31-1]; Pl./Counterclaim-Def. The Travelers Indemnity Co. of Ct.'s Mem. in Supp. of its Mot. to Dismiss Def./Counterclaim-Pl. Hazel Bland Thomas' Compl.

1

("Travelers MTD") [ECF No. 32-1]. In response, Thomas filed a new document, this one styled "First Amended Complaint," on August 2, 2019. Hazel B. Thomas' First Amended Complaint ("FAC") [ECF No. 34].

The Court entered an Order several days later noting that under Federal Rule of Civil Procedure 15, parties may amend their pleading as a matter of course only once and may subsequently do so "only with the opposing party's written consent or the court's leave." August 8 Order [ECF No. 36] at 1 (quoting Fed. R. Civ. P. 15). Because Thomas's FAC was actually the second amendment to her initial pleading (her Answer) and had furthermore been filed well after the Court's amendment deadline of June 21, the Court concluded that the FAC was "not properly before the Court." Id. The Court's Order allowed Thomas to move for leave to amend the complaint by not later than August 22, 2019. Id. She filed her motion on August 16, 2019. See Hazel B. Thomas' Mot. to Withdraw Dkt 28 from Docket Nun Pro Tunc and to Grant Leave to Amend Complaint ("Mot. for Leave to Amend") [ECF No. 41]. The Court must now decide that motion, as well as the two pending motions to dismiss Thomas's original complaint and a separate motion for waiver of service and imposition of sanctions that Thomas recently filed.

The Court first turns to the motions to dismiss the original complaint for failure to state a claim. Both University Hall and Travelers argue that all of the claims asserted in the complaint are barred by the applicable statute of limitations. See Travelers MTD at 3; Univ. MTD at 6–10. The Court agrees. Thomas's complaint asserts five claims: malicious prosecution, violation of the Fair Debt Collection Practices Act, slander of title, breach of contract, and violations of the D.C. Consumer Protection Procedures Act. See Thomas Compl. ¶¶ 44–82. As set out in her complaint, each one of these claims relates to conduct occurring in 2011 or 2012. See Thomas Compl. ¶¶ 8, 11, 16, 18. Thomas also filed a complaint nearly identical to the one filed in this case in D.C.

Superior Court on October 4, 2013, asserting the same claims on the same facts against the same defendants.  See Ex. 4, Travelers MTD [ECF No. 32-4].  Even if the "discovery rule" applies to each of her claims—under which a cause of action accrues "when the plaintiff knows or through the exercise of due diligence should have known of the injury," District of Columbia v. Dunmore, 662 A.2d 1356, 1359 (D.C. 1995)—there is no doubt that by October 4, 2013, at the latest, Thomas knew of her various alleged injuries.

Thomas's complaint in this case was filed on June 21, 2019, nearly six years after October 2013, and seven or eight years after the alleged conduct took place.  All of the claims asserted in her complaint are subject to statutes of limitations of no more than three years.  See D.C. Code § 12-301(4) (one-year statute of limitations for malicious prosecution); 15 U.S.C. § 1692k(d) (one-year statute of limitations for FDCPA violations); D.C. Code § 12-301(7) (three-year statute of limitations for breach of contract); D.C. Code § 12-301(8) (providing that, in D.C., where a limitation period is not specifically prescribed, as for Thomas's D.C. Consumer Protection Procedures Act violation and slander of title claims, the applicable period is three years).  The only response Thomas makes to the argument that her claims are time-barred is a single allegation that Travelers's failure to disclose certain documents to her tolls the applicable statute of limitations "for filing any malicious prosecution claim against Travelers."  FAC ¶ 99.  She provides no support for this legal conclusion, and the Court need not accept as true Thomas's legal conclusions.  See Papasan v. Allain, 478 U.S. 265, 286 (1986).  Indeed, she previously asserted that same claim against Travelers back in 2013.  As a result, all of her claims are "conclusively time-barred," see DePippo v. Chertoff, 453 F. Supp. 2d 30, 33 (D.D.C. 2006); her complaint thus fails to state a claim upon which relief can be granted.

Moreover, insofar as Thomas's complaint alleges claims against University Hall or James Buckley, her codefendants in this case, or various new third-party defendants, those claims are inappropriate because they are unrelated to the subject matter of this insurance declaratory judgment action. Under Federal Rules of Civil Procedure 13 and 14, any claims against third parties, as well as any crossclaims against codefendants, must "arise[] out of the transaction or occurrence that is the subject matter" of the original action. Fed. R. Civ. P. 13(g); see Fed. R. Civ. P. 14(a)(3). To assess whether a claim arises out of the same transaction or occurrence, courts must look to "the degree of 'logical relationship' between the two actions," as well as the extent to which "the evidence offered to support [each set of claims] is likely to be substantially identical." Columbia Plaza Corp. v. Sec. Nat'l Bank, 525 F.2d 620, 625 (D.C. Cir. 1975). Here, Travelers filed this suit seeking a declaratory judgment that, under the applicable insurance policy, it is not required to pay the costs of defending University Hall or University Hall employees in the underlying D.C. Superior Court litigation brought by Thomas. See Compl. [ECF No. 1] ¶ 29. That is the subject matter of this case—not the merits of the actual claims in the underlying D.C. litigation. The evidence offered to support Travelers's declaratory judgment claim is entirely distinct from the evidence that would be offered to support Thomas's claims against others, and Thomas has made no attempt to show a logical relationship between or otherwise link her claims and the declaratory judgment claim. The Court concludes that the claims in Thomas's complaint do not arise out of the transaction or occurrence that is the subject matter of Travelers's declaratory judgment claim; therefore, Rules 13 and 14 independently require dismissal of any claims in her complaint against her codefendants or third-party defendants.[1]

---

[1] Because Rule 13's provision for permissive counterclaims does not include the same "transaction or occurrence" limitation, see Fed. R. Civ. P. 13(b), the Court's conclusion here does not apply to Thomas's claims against Travelers. Those claims are nonetheless barred by the applicable statutes of limitations, as the Court already determined.

The Court next addresses Thomas's motion for leave to amend her complaint. The motion is somewhat confusing, but Thomas appears to argue primarily that she should be granted leave to amend her complaint because she believes she is entitled to litigate her claims against Travelers and others, and that her FAC should be permitted to serve as a response to the two motions to dismiss her original complaint. See Mot. for Leave to Amend ¶¶ 9–12. Under Federal Rule of Civil Procedure 15, courts should generally "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[c]ourts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss." James Madison Ltd. By Hecht v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996); see Foman v. Davis, 371 U.S. 178, 182 (1962).

Such is the case here. Thomas's FAC simply restates in different words the same factual allegations as her original complaint. Compare Thomas Compl. ¶¶ 1–43, with FAC ¶¶ 1–16. And the five claims alleged in both the complaint and the FAC are substantively identical in both documents, despite some minor differences in wording. Compare Thomas Compl. ¶¶ 44–81, with FAC ¶¶ 101–39. Because the substance of the FAC is the same as the original complaint, the claims set out therein would fail on a motion to dismiss for precisely the same reasons as the claims in Thomas's original complaint did: as either (1) time-barred or (2) not arising out of the transaction or occurrence that is the subject matter of the declaratory judgment claim, as required by Rules 13 and 14. And because the claims would not survive a motion to dismiss, the Court denies as futile Thomas's motion for leave to amend her complaint.

Finally, the Court turns to a motion that Thomas filed on February 14, 2020, for waiver of service on two of the defendants named in her complaint and for sanctions and attorney's fees for deliberate evasion of service. See Hazel B. Thomas' Mot. for Waiver of Serv. on James Buckley

and 3000 7th St. 222 SB, LLC and for Sanctions & Att'y's Fees for Deliberate Evasion of Service ("Waiver Mot.") [ECF No. 59]. Thomas argues that despite the best efforts of two private process servers, she has been unable to serve the FAC on James Buckley or 3000 7th St. 222 SB, LLC.[2] See id. at 1–6. She requests that the Court (1) deem service either effective or waived and (2) impose sanctions on the entities for evasion of service. See id. at 5–6.

The Court's granting of either request would be premature. Thomas has filed with the Court a copy of a request for waiver of service that she sent to Buckley (who, Thomas alleges, is also a registered agent of 3000 7th St. 222 SB, LLC, id. at 3) on February 14, 2020. Under Rule 4, defendants must be given "a reasonable time of at least 30 days . . . to return the waiver." Fed. R. Civ. P. 4(d)(1)(F). Thomas violated this rule by filing her motion on the same day as she mailed the waiver of service request. Such a motion would not be proper until at least March 15, 2020.[3] In any event, the Court has now dismissed Thomas's complaint and denied her motion for leave to file an amended complaint. Nothing remains for her to serve on Buckley or the LLC. The Court therefore denies as moot her motion for waiver of service and sanctions.

## Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that [31] Travelers Indemnity's motion to dismiss and [32] University Hall's motion to dismiss are **GRANTED**; it is further

---

[2] It is unclear from Thomas's filings whether she attempted to serve her original complaint or the FAC on the two entities; her motion refers only to "service of the complaint." Waiver Mot. at 1. The Court's conclusions would be the same whether she attempted to serve the original complaint or the FAC on Buckley and the LLC.

[3] Furthermore, the evidence Thomas has submitted would not suffice to carry her "heavy burden" of proving that Buckley or the LLC evaded service. Shaw v. District of Columbia, 2006 WL 1371681, at *5 (D.D.C. May 15, 2006). The only documentation that Thomas has submitted to support her accusation is evidence of her repeated attempts to serve the entities. See, e.g., Exs. 1 & 2, Waiver Mot. But "proof of evasion of service cannot be inferred alone from repeated, though faulty attempts at service." Shaw, 2006 WL 1371681, at *6 (internal quotation marks omitted).

**ORDERED** that [42] Thomas's motion for leave to file amended complaint is **DENIED**; and it is further

**ORDERED** that [59] Thomas's motion for waiver of service and sanctions is **DENIED** as moot.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: March 2, 2020